# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ANNA I. MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV1452 CEJ |
| | ) | |
| WELLS FARGO HOME MORTGAGE, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action asserting claims of mortgage fraud under Mo. Rev. Stat. § 443.930, wrongful foreclosure, a tort under Missouri law, and breach of contract. Defendants are Wells Fargo Home Mortgage ("Wells Fargo") and Federal Loan Home Mortgage Company ("Freddie Mac"). Plaintiff alleges that diversity jurisdiction exists in this case. She alleges that Wells Fargo's principal place of business is in Maryland and that Freddie Mac's principal place of business is in Texas. Plaintiff does not state the amount in controversy, but public records, of which the Court takes judicial notice, show that the property at issue was sold in a foreclosure sale for $196,000. See Kisner v. Bank of America, NA, 2011 WL

2160891 *2 (W.D. Mo. 2011) (value of property determines amount in controversy requirement).

The allegations in the complaint are not entirely coherent. Plaintiff's fraud claim arises out of an incident in May 2010 when plaintiff was accused of bank fraud. Allegedly, plaintiff and her ex-husband both appeared on an account and plaintiff attempted to act unilaterally on the account. Plaintiff says she was told by Wells Fargo employees that her actions were permissible. However, plaintiff claims that her actions caused "a fraud placed against her account, incurred fees, and now [she] can't get a checking or savings account because of fraud."

The basis for plaintiff's wrongful foreclosure claim arises from her attempt, on September 16, 2010, to be considered for President Obama's unemployment plan. Plaintiff says she faxed the application materials to Wells Fargo and an employee told her they had received the materials from her. Plaintiff claims that she was later told that they had not received plaintiff's application. The foreclosure sale took place on October 11, 2010.

With respect to the breach of contract claim, plaintiff alleges, "Wells Fargo [and] plaintiff signed contract when [plaintiff] gave $100.00 consideration in fall 2008 for Wells Fargo to wait for Mo Bar exam to be released before working loan mod in. Plaintiff received email stating Company wanted to help [her] avoid

foreclosure[.] I had to call Wells Fargo's [attorney] who verified yes it was on foreclosure list she researched it and removed it. If it weren't for [plaintiff] verify a [*illegible word*] offer to help then house would have been sold off. . . . This is a contract breach because [plaintiff] paid consideration to Wells."

## Discussion

Plaintiff's claim for mortgage fraud under Mo. Rev. Stat. § 443.930 is legally frivolous. The statute specifically states, "This section shall not be construed to create a private cause of action." Mo. Rev. Stat. § 443.930.3.

Under Missouri law, a plaintiff may bring a wrongful foreclosure action either as a suit in equity to set aside the sale, or as a suit at law to recover money damages. Dobson v. Mortgage Elec. Registration Sys., Inc./GMAC Mortg., 259 S.W.3d 19, 22 (Mo. Ct. App. 2008). Here, plaintiff attempts to invoke the Court's equity powers to set aside the sale. A court may set aside a foreclosure sale as invalid "when a circumstance denies the mortgagee the right to cause the power of sale to be exercised," such as when the person causing the foreclosure does not actually hold title to the note or when the mortgagor has not defaulted at the time of the first publication of the notice of sale. See Graham v. Oliver, 659 S.W.2d 601, 603-04 (Mo. Ct. App. 1983); see also Williams v. Kimes, 996 S.W.2d 43, 45 (Mo. 1999) (en banc) (courts may set aside a foreclosure sale as void when a "defect is so great

that it goes to the very right or power to foreclose."). Additionally, a court may set aside a foreclosure sale because of substantial irregularities involved in the sale, such as fraud, mistake, or unfair dealing. See, e.g., Macon-Atlanta State Bank v. Gall, 666 S.W.2d 934, 940 (Mo. Ct. App. 1984); see also Kennon v. Camp, 353 S.W.2d 693, 695 (Mo. 1962) (wrongful foreclosure when defendant failed to provide the plaintiff with notice of the foreclosure sale).

The complaint does not contain any non-conclusory factual allegations that would give rise to a plausible claim for wrongful foreclosure. Plaintiff does not allege that she did not default on the loan or that Wells Fargo did not hold the note. The fact that Wells Fargo did not receive a fax she sent in an attempt to get a loan modification did not deprive her of notice of the sale. Plaintiff has not alleged any facts that would tend to show a defect in the process or execution of the foreclosure. As a result, plaintiff's wrongful foreclosure claim fails to state a claim upon which relief can be granted.

"In order to make a submissible case of breach of contract, the complaining party must establish: 1) the existence of a valid contract; 2) the rights and obligations of the respective parties; 3) a breach; and 4) damages." Howe v. ALD Services, Inc., 941 S.W.2d 645, 650 (Mo. Ct. App. 1997). Plaintiff has not alleged any facts that would show that Wells Fargo did not meet its obligations under the alleged contract:

to wait for the Missouri Bar exam to be released before doing a loan modification. As a result, plaintiff's breach of contract claim fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **granted**.

An appropriate order of dismissal will be filed separately.

Dated this 22nd day of August, 2011.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE